Citation Nr: 1719072 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 13-21 968 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUE

Entitlement to special monthly compensation based on the need for aid and attendance.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

Steven H. Johnston, Associate Counsel


INTRODUCTION

The Veteran had active service from February 1977 to March 1983.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

Pursuant to 38 C.F.R. § 20.700(a) (2016), a hearing on appeal will be granted if an appellant, or an appellant's representative acting on his or her behalf, expresses a desire to appear in person. See also 38 U.S.C.A. § 7107 (West 2014) (pertaining specifically to hearings before the Board). Although the Veteran did not, at the time of his July 2013, VA Form 9, substantive appeal, request a hearing before the Board, he has since (through his representative) requested a Board hearing by live videoconference. See December 2016 videoconference hearing request. As the record does not reflect that the Veteran has been scheduled for a hearing before the Board or that the request has since been withdrawn, a remand of this matter for the requested hearing is warranted. See 38 C.F.R. § 20.704(d) (2016).

Accordingly, the case is REMANDED for the following action:

Ensure that the Veteran is scheduled for a videoconference Board hearing in accordance with the docket number of his appeal. Notify the Veteran and his representative, in writing, as to the date, time and location of the hearing, and place a copy of the notification letter in the claims folder. After the hearing is conducted, or if the Veteran withdraws his hearing request or fails to report for the scheduled hearing, return the claims folder to the Board in accordance with appellate procedures.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
A. ISHIZAWAR
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).